**In re Beverly SINCLAIR–GANOS, Debtor.**

**LINCOLN PARK COMMUNITY CREDIT UNION, Plaintiff,**

v.

**Beverly SINCLAIR–GANOS, Defendant.**

**Bankruptcy No. SG 89–03736.**
**Adv. No. 90–8182.**

United States Bankruptcy Court,
W.D. Michigan.

Oct. 6, 1991.

Brent S. Hunt, for plaintiff.

Robert E. Jones, for debtor/defendant.

---

OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

Lincoln Park Community Credit Union (Credit Union) filed its complaint praying that this court determine that the educational loan made to Beverly Sinclair–Ganos (Debtor) is a nondischargeable debt under 11 U.S.C. § 523(a)(8). This adversary proceeding was filed on April 26, 1990, and the base case was filed on October 11, 1989.

At the trial, the court found that the total indebtedness on the student loans in question was $32,677.84, and that excepting the debt from discharge would not impose an undue hardship on the Debtor and her dependents. However, the court was disturbed because of the unique developments after the making of the loans to the Debtor. Debtor obtained her loans from the Credit Union from a period extending from October 26, 1982, through May 5, 1986, to finance her education at Eastern Michigan University from which she received a bachelor's degree and at the University of Toledo Law School from which she received a J.D. degree. These loans were guaranteed by the Michigan Higher Education Assistance Authority (Michigan). Upon default the loans were duly assigned to Michigan but on March 29, 1989, a document titled "Assignment of a Student Promissory Note" assigned the loans "without warranty (except that the note qualified for insurance)" to the Credit Union. The only explanation given at the time of trial was by the attorney for the Credit Union. He explained that the Credit Union was relying on its past loan history with the Debtor and so certain steps necessary to collection of the guarantee were not taken, resulting in the Credit Union's loss of rights under the warranty. The only witness who testified at the trial was the Debtor.

■ 11 U.S.C. § 523(a)(8) (Supp.1991)[1] provides:

(a) A discharge under section 727, ... does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution,
...

In the 1984 Amendment, Subsection (a)(8), Pub.L. No. 98–353, § 454(a)(2), struck out "of higher education" after "a nonprofit institution."

■ Two issues arose in connection with this case. First, whether the assignment of the note by Michigan back to the Credit Union disqualifies the loan from being found nondischargeable pursuant to § 523(a)(8), and secondly, whether the Credit Union qualifies under this statute as a "nonprofit institution."

The court did not find any published opinions which discussed whether the status of "guaranteed by a governmental unit" should be established at the time of issuing the loan or at the time of filing, and no legislative history was helpful in ascertaining what the drafters intended. However, the Honorable Laurence E. Howard of this court has held in a bench opinion on December 13, 1989, in *Talbert v. Bay Bank (In re Talbert)*, Case No. HM 89–00044, A.P. 89–0009 that where a student loan was not guaranteed at the time of the filing of the bankruptcy petition, the loan does not fall within the language of § 523(a)(8) and is thus dischargeable. In the case at bar, the Assignment was dated March 29, 1989, and the case was filed on October 11, 1989. Since as of the date of the filing of this case the loan was not guaranteed, the debt owed to Lincoln Park Community Credit Union is not excepted from discharge based on the argument that this is an educational loan guaranteed by a governmental unit. Therefore, the second issue of whether or not a credit union quali-

**1.** In the 1990 Amendments (Pub.L. No. 101–581), effective November 15, 1990, subsection (a)(8) was amended, apparently broadening its scope. However, since both the base case and the adversary proceeding were filed prior to the Amendments, the statute as then existing applies to this case.

**384**

fies as a nonprofit institution under § 523(a)(8) must be addressed.

Once again, no cases have been found which discuss, let alone support, the position that a credit union is a nonprofit institution for purposes of this subsection and no enlightening legislative history has been uncovered. Because a credit union is a lending institution which competes with banks, there is no apparent reason to give a credit union a more favorable position in proceedings determining the dischargeability of student loans. Thus, this court holds that a credit union is not a nonprofit institution under 11 U.S.C. § 523(a)(8) and Beverly Sinclair–Ganos' debt to the Lincoln Park Community Credit Union is discharged.