In re Michael Leroy SIMMONS, Janice
Auer Simmons, Debtors.

NAVY FEDERAL CREDIT
UNION, Plaintiff,

v.

Michael Leroy SIMMONS, Janice
Auer Simmons, Defendants.

Bankruptcy No. 94–20810–B.
Ady. No. 94–2107–B.

United States Bankruptcy Court,
E.D. Virginia.

Dec. 20, 1994.

Melvin R. Zimm, Glasser & Glasser, Norfolk, VA, for Navy Federal Credit Union.

Neil K. Winchester, Alexander P. Smith & Associates, Norfolk, VA, for debtors.

Debra Conlon, Asst. U.S. Trustee, Norfolk, VA.

### MEMORANDUM OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

We [1] begin this opinion with dictum. Often it makes the better point.

They think themselves anointed.
Ah, take the cash, and let the credit go,
Nor heed the rumble of a distant drum!
—The Rubaiyat of
Omar Khayyam

---

1. The royal "we."

Over all of these years we have heard the argument of credit unions seeking a favored status[2] in the bankruptcy court which the law simply does not give. "It is our members' money this bankrupt has used."

> It is with a pious fraud
> as with a bad action: it
> begets a calamitous necessity
> of going on.

> —Thomas Paine

The credit industry in this province, including credit unions, is of the highest integrity and I have praised that industry publicly. However, credit unions—not all of them—have traditionally held "hurt feelings" that the law is the way it is and considerable chagrin that they are not more favored. What they seek lies with the Congress and is not an automatic or unwritten feature of the law we as judges can dispense.

And I say this only to be helpful.

This proceeding is an example. Michael and Janice Simmons, the debtors in this Chapter 7 case, *both* obtained a loan from the Navy Federal Credit Union for *him* to procure funds for educational instruction and training, and living expenses incidental thereto, in hope of obtaining employment as a pilot with the Business Express Airlines. Although he obtained a job, it did not long fly.

The debtors owe the credit union $6,758.79 plus interest at the rate of 12.4% per annum. The note states that the purpose of the loan is "educational." The facts are not in dispute and why spew forth more as if the judge was the court reporter.

### THE LAW

Ah, the law. That is where the friction lies ... and lies and lies and lies. We think we can reject Charles Macklin's view that "[t]he law is a sort of hocus-pocus science" and we can come to the correct answer. Simply put, if we may be so elementary, the begging issue is whether a credit union enjoys the statutory protection regarding student loans.

The plain language of 11 U.S.C. § 523(a)(8) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— ...

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

Turning to the plain language of the Bankruptcy Code, the Court notes that § 523(a)(8) renders an educational loan nondischargeable if two requirements are met. First, the loan must be made pursuant to a "program" providing educational loans. Second, that program must be funded at least in part by a nonprofit organization. *In re Hammarstrom,* 95 B.R. 160 (Bankr.N.D.Cal.1989). Failure to meet both of these requirements renders the loan dischargeable.

The first issue to consider is whether the credit union made the loan pursuant to a "program" to provide student loans. Although § 523(a)(8) does not define "program," the Congress required that the loan be made pursuant to an educational lending scheme. *See In re Pilcher,* 149 B.R. 595 (9th Cir. BAP 1993). This is necessarily so because the plain language of § 523(a)(8) indicates that it is the *program,* not the loan, that need be funded by a nonprofit institution. Congress did not use language indicating that the loan itself must be funded by a nonprofit institution. Rather, Congress re-

---

**2.** We are familiar with favored nation status, but not regarding credit unions.

quired the *program* to which the loan was made be funded in part by a nonprofit institution. In the case at bar, the Court heard no evidence indicating that the credit union operated an educational lending program. More specifically, the Court did not hear evidence that the student loan at issue was part of any educational loan program. Accordingly, the Court concludes that the credit union did not make the loan pursuant to an educational program as required by the plain language of § 523(a)(8). The loan here was simply another loan. In its wisdom the Congress has specified "program" to distinguish student loans from ordinary, general ones. Setting the nonprofit segment of the issue aside for a moment, there was certainly no intent to protect in bankruptcy the family member who makes an educational loan to the kid. My Sunday School class[3] assists young people, but also the homeless and others who are needy, but that does not create a legal "program".

■ The credit union must also show that it is a nonprofit institution as required under § 523(a)(8). Here, the issue is whether the credit union is a nonprofit institution within the meaning of § 523(a)(8). Caselaw is scant and conflicting on this issue. Two courts recently held that credit unions are *not* nonprofit institutions under § 523(a)(8). *See In re Delbonis*, 169 B.R. 1 (Bankr.D.Mass.1994), *and In re. Sinclair–Ganos*, 133 B.R. 382 (Bankr.W.D.Mich.1991). The *Delbonis* court examined the corporate structure of the credit union involved and concluded that the credit union was not a nonprofit institution because it had shareholders and paid dividends similar to for-profit corporations. The court reasoned that nonprofit organizations do not normally have shareholders nor do they pay dividends. The court in *Sinclair–Ganos* also concluded that credit unions are not nonprofit institutions. In this case the court reasoned that because credit unions are lending institutions that compete with banks, there is no reason to give it a more favorable position in dischargeability proceedings. Accordingly, both courts discharged the student loans in question. The Court adopts these views. Indeed, the credit union hopes to earn a profit. One can appreciate the fact credit unions consider themselves nonprofit; however, is it not much more a mutual society?

The noisome weeds, that without
profit suck
The soil's fertility from wholesome
flowers.

—Words put into
the mouth of Richard II by
Will Shakespeare

One court reached an opposite result. The court in *In re Construction Equipment Federal Credit Union*, 149 B.R. 547 (C.D.Ill. 1993), held that credit unions are nonprofit institutions under § 523(a)(8). This court expressly disagreed with the *Sinclair–Ganos* decision that banks and credit unions were similar. It argued that banks and credit unions are different and do not compete with each other since banks do not have the same geographical limitations and restrictions concerning to whom loans can be made. Accordingly, the court found the student loan nondischargeable. Do geographical limitations prevent the eagle from flying? Nonsense.

The Court agrees with the *Delbonis* and *Sinclair–Ganos* decisions. Banks and credit unions are competitors in the lending business and should not be treated differently in a dischargeability proceeding. In addition, credit unions, like banks, generally exist to generate profits. The geographical limitations and lending restrictions noted by the *Construction Equipment Federal Credit Union* court fails to persuade this Court to reach that conclusion. Accordingly, the Court concludes that the credit union in the case at bar is not a nonprofit institution within the scope of § 523(a)(8).

### HOLDING

The Court finds the debt discharged.

Go in peace.

Go to the Congress.

**IT IS SO ORDERED.**

---

3. The Wesleymen.